UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,                    MEMORANDUM
           - against -                     AND ORDER
VICTOR OTUBU,
                Defendant.         14-CR-0549 (DLI) (JO)
-----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

On July 16, 2015, defendant Victor Otubu ("Otubu"), having consented to proceed before me for purposes of a plea allocution, offered a plea of guilty to Count One of the pending indictment. As set forth on the record, I made findings that Otubu was competent to proceed; that he fully understood his rights and the potential consequences of his plea; that the plea was not the result of any force, threat, or undisclosed promise; and that Otubu's admissions provided a factual basis for his plea. I therefore respectfully recommended that the court accept Otubu's guilty plea. The court has not yet acted on that recommendation or scheduled a sentencing date.

As soon as Otubu had offered his plea and I had made my recommendation, the government moved to detain Otubu pending sentence. *See* Docket Entry ("DE") 17 (letter dated July 15, 2015, providing notice of the anticipated motion, citing 18 U.S.C. § 3143(a)).[1] In seeking such relief, the government relies on a provision of the Bail Reform Act that generally requires the pertinent judicial officer to order the detention of "a person who has been *found guilty* of an offense and who is *awaiting imposition … of sentence*[.]" 18 U.S.C. § 3143(a)(1) (emphasis added).

---

[1] At his initial court appearance on October 9, 2015, the court, over the government's objection, granted Otubu's request to set conditions of release but ordered him detained pending the satisfaction of those conditions. *See* DE 6 (minute entry); DE 7 (detention order). Otubu satisfied the conditions and was ordered released on October 21, 2014. DE 13. The government adheres to its position that Otubu should be detained, but allows that other than his proffered guilty plea, nothing has changed since his release that would warrant reconsideration of the decision to grant pretrial release on conditions.

I orally denied the government's motion and write briefly here to explain my reasoning. Simply stated, the statutory provision on which the government purports to rely does not apply to this case, at least not yet. Otubu has not been "found guilty" of an offense, and he is not "awaiting imposition … of sentence." He has offered a plea of guilty to Count One of the pending indictment, and I have reported to the court that in my view – based on specific findings about his competence, understanding of his rights, and the factual and legal content of his admissions in open court – he has done so effectively. Based on that report, I have recommended that the court accept the proffered plea. By doing so, I have done no more than applicable law allows: I have made "proposed findings and recommendations[.]" 28 U.S.C. 636(b)(1). The court will later review those proposed findings and recommendations, and I assume that, as virtually always happens in comparable circumstances, it will accept them and find Otubu guilty. Once it has done so, Otubu will have been found guilty and will be awaiting the imposition of sentence, and will be subject to presumptively mandatory detention. But until that happens, Otubu has not yet been "found guilty" and he remains eligible for release on conditions under the provisions of the Bail Reform Act relating to the pretrial phase of a criminal case. *See* 18 U.S.C. § 3142. *See United States v. Norfleet*, 185 F. Supp. 2d 315, 319-20 (S.D.N.Y. 2002) ("a felony plea allocution taken before a United States Magistrate Judge …. is not a finding of guilt as required in order for the provisions of Title 18, United States Code, Section 3143 to apply").[2]

---

[2] *But see United States v. McGrann*, 927 F. Supp. 2d 279, 285 (E.D. Va. 2013) (reasoning that "[i]f a defendant's guilty plea, although accepted by a magistrate judge, is not binding such that the defendant has not been 'found guilty' pursuant to 18 U.S.C. § 3143(a), then the purpose of the Federal Magistrates Act will be thwarted."). I respectfully disagree for two reasons. First, and most fundamentally, the proposition that a successful plea allocution before a magistrate judge will in some instances frustrate one of the many salutary effects of the Federal Magistrates Act cannot suffice to overcome the Bail Reform Act's plain language, which requires a finding of guilt that has yet to occur. Second, the *McGrann* court speculated that making Section 3143(a) inapplicable to the circumstances here would promote judge shopping and shift back to district judges some of the burdens that the Federal Magistrates Act seeks to transfer to magistrate judges. But that concern appears more theoretical than practical: as the prosecutor in this case necessarily acknowledged, the government in

For the reasons set forth above, I deny the government's motion for detention pending the imposition of sentence.[3]

SO ORDERED.

Dated: Brooklyn, New York
July 16, 2015

                                                                                      /s/
                                                                          JAMES ORENSTEIN
                                                                          U.S. Magistrate Judge

---

this district rarely seeks to invoke Section 3143 to secure the detention of a defendant who has been released on conditions during the pretrial phase simply because that defendant has pleaded guilty.

[3] If Section 3143(a) were applicable, I would afford Otubu an opportunity to demonstrate that he is nevertheless entitled to be released on conditions pending the imposition of sentence. I offer no view here as to whether detention or release would be appropriate in such circumstances.